(7 App. Div. 248)

STEINER v. HELLMAN.

(Supreme Court, Appellate Division, First Department. June 29, 1896.)

PLEADING AND PROOF.

Plaintiff in an action for specific performance alleged that defendant agreed in writing to give him a lease for three years. The only writing given in evidence was a receipt signed by defendant for money paid on account of rent of the premises in question, but no term was specified therein, nor did it contain any agreement to give a written lease. *Held*, that plaintiff could not recover on proving a contract partly oral, without an amendment of the complaint.

Appeal from special term, New York county.

Action by Victor Steiner against Myer Hellman. From a judgment entered on a decision dismissing the complaint on the merits, plaintiff appeals. Affirmed.

The action was brought to compel the specific performance of a written contract for a lease of real property. The complaint alleged a written contract for a lease of the ground floor and basement of a building for the term of three years. No such contract was proved on the trial. The only writing given in evidence was a receipt signed by defendant for $25 paid by plaintiff as a deposit on account for store, said amount to be credited to May rent; rent to be $70 per month, in advance, from May 1, 1895. No term was specified, and no agreement to give any written lease. Both parties gave parol evidence as to what took place with reference to the leasing of the property, where the term was to be, and whether an additional floor of the building was finally agreed to be included in the property to be leased. Plaintiff took possession of the two floors and basement, and occupied them. A lease of the whole for the term of three years was made out and sent by defendant to plaintiff, with the request that he execute and return duplicate. Plaintiff refused to accept such lease, or to sign and return duplicate, and it was finally returned to defendant. The plaintiff claimed that he should have a lease of the ground floor and basement alone for three years, and that he was to lease the other floor for no particular term. The defendant claimed that the plaintiff was to lease the whole together for the three years. It was not claimed that this agreement was perfected at the time the receipt for the $25 was given, but that no term was then agreed upon as to the store, and by agreement after that the basement and first and second floors were to be leased together for three years. The court denied the plaintiff the relief asked for.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

George C. Coffin, for appellant.
William C. Wolf, for respondent.

WILLIAMS, J. We see no reason to disturb the judgment entered upon the decision of the trial court. The plaintiff entirely failed to establish a written contract for a three-years lease, as alleged in his complaint. There was no amendment made to the complaint, so as to allege a contract partly written and partly parol, which was sought to be enforced; and without such amendment, certainly, the plaintiff could not have the relief asked for. If such amendment had been made, the defendant would have had the right to answer such amended complaint, and could then have interposed the defense of the statute of frauds, which the court of appeals seems to have held must be pleaded in order to be taken advantage of. The court took all the evidence, however, and then determined the case upon the facts; holding that, even considering the parol evidence, there was no contract for a lease for three years of the basement and first floor alone so satisfactorily shown as to authorize the court to compel specific performance thereof. The evidence was conflicting, and, considering the parol evidence and the documentary evidence appearing in the records altogether, we quite agree with the learned trial judge that the plaintiff did not make a case entitling him to the relief sought.

The judgment appealed from should be affirmed, with costs. All concur.